IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RODNEY BLAKE EVANS, #161832**                                              **PLAINTIFF**

**v.**                                               **CIVIL NO. 3:23-cv-223-HTW-LGI**

**MISSISSIPPI DEPARTMENT OF
CORRECTIONS, ET AL.**                                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Complaint [1] filed under 42 U.S.C. § 1983. Having considered the Complaint in conjunction with the relevant legal authority, the undersigned recommends that the Mississippi Department of Corrections be dismissed as a Defendant.

### I. BACKGROUND

Pro se Plaintiff Rodney Blake Evans ("Plaintiff") is a post-conviction inmate incarcerated by the Mississippi Department of Corrections. Plaintiff is proceeding *in forma pauperis* ("IFP"), and this case is subject to the Prison Litigation Reform Act. *See* Compl. [1]; Order [12]. The named Defendants are the Mississippi Department of Corrections ("MDOC"); Burl Cain, Commissioner of MDOC; Derrick Chambers, Superintendent; Timothy J. Donavon, MDOC Medical Director; Vital Core Health Strategies; William Brazier, Medical Director; A. Davis, Nurse Practitioner; Nina Waltzer, Nurse Practitioner; Donald Faucett, MDOC Chief Medical Officer; and Gary Lamar Hamil, a medical provider at the prison.

Plaintiff complains about the conditions of his confinement specifically related to his medical care. Plaintiff seeks monetary damages and injunctive relief. On

October 31, 2023, the undersigned directed that process issue for all Defendants except for MDOC.

## II. DISCUSSION

The Prison Litigation Reform Act allows a district court to dismiss an IFP complaint "at any time" if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 202 (2007) (holding that Prison Litigation Reform Act mandates early judicial screening of prisoner complaints)). Plaintiff is incarcerated and proceeding IFP, therefore his Complaint is subject to *sua sponte* screening under the Prison Litigation Reform Act. *See, e.g.*, *Jarvis v. Hall*, No. 22-60098, 2023 WL 3818377, *2 (5th Cir. June 5, 2023) (affirming *sua sponte* dismissal of prisoner's § 1983 claims without holding a screening hearing). As part of this screening, "the Court 'may consider, *sua sponte*, affirmative defenses that are apparent from the record even when they have not been addressed' or raised in the pleadings on file." *Williams v. State of Miss.*, No. 3:23-cv-22-CWR-LGI, 2023 WL 2925189, *2 (S.D. Miss. Mar. 20, 2023) (quoting *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990)).

Plaintiff seeks relief under § 1983, which provides, "[e]very *person* who, under color of [state law], subjects . . . any citizen . . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983 (emphasis added). Under § 1983, "claimants have a cause of action for civil rights violations only against 'persons.'"

*Washington v. State of La.*, 425 F. App'x 330, 333 (5th Cir. 2011) (finding district court properly dismissed § 1983 claims against state and department of public safety).

The State of Mississippi is not amendable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding also applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id*. at 70. The Mississippi Department of Corrections is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *McClendon v. Miss. Dep't of Corr.*, No. 3:15-cv-130-HTW-LRA, 2015 WL 3677775, *1 (S.D. Miss. June 12, 2015) (finding MDOC is an arm of the state and dismissing, *sua sponte*, prisoner's § 1983 claims against MDOC). Because the State of Mississippi is not considered a "person" under § 1983, Plaintiff cannot maintain this case against the Mississippi Department of Corrections.

Although MDOC is not a person under the statute, "a state official in his or her official capacity when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71 n. 10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)). Plaintiff's request for relief includes prospective injunctive relief, and he sues MDOC Commissioner Burl Cain in his official capacity. *See* Compl. [1] at 2–3, 10 (CM/ECF pagination). Dismissal of MDOC would not bar Plaintiff's claims for prospective injunctive relief in this § 1983 case.

*See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (finding the "Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law"); *Campbell v. GEO Group*, No. 4:12-cv-39-HTW-LRA, 2012 WL 1458079, *2 (S.D. Miss. Apr. 27, 2012) (*sua sponte* dismissing MDOC but noting prisoner's § 1983 claims for prospective injunctive relief remain against MDOC Commissioner sued in his official capacity).

### III.  RECOMMENDATIONS

For the foregoing reasons, the undersigned recommends that the Mississippi Department of Corrections be dismissed as a Defendant.

### IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services*, L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

This the 27th day of November, 2023.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE
